IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| RONALD WAYNE EVANS, Individually, and as Administrator of THE ESTATE OF LISA EVANS, Deceased, and as Next Friend of NICHOLAS TYLER EVANS, a Minor Child, BONNIE BARNETT, and DONALD L. MANSKER, JR. Plaintiffs, § § § § § § § § VS. § § TOYOTA MOTOR CORPORATION § TOYOTA MOTOR SALES, U.S.A., INC., § and TOYOTA MOTOR NORTH § AMERICA, INC., § Defendants. § | § § § § § § § CIVIL ACTION NO. V-03-09 § § § § § § § § |

## DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF ALLAN KAM

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Toyota Motor Corporation ("TMC"), Toyota Motor Sales, U.S.A., Inc. ("TMS"), and Toyota Motor North America, Inc. ("TMA") (collectively "Defendants") and make and file this Motion to Exclude the Testimony of Allan Kam, and for such would respectfully show this Honorable Court as follows:

## I.
## INTRODUCTION

Allan Kam's testimony on National Highway Transportation Safety Administration ("NHTSA") standards in this case is inadmissible under Federal Rule of Evidence 704 because it constitutes an opinion on a conclusion of law. Kam will not testify about any particular defect in the vehicle in question or whether the vehicle complied with any allegedly applicable standard. Instead, Kam will simply testify that compliance with these standards does not necessarily mean that the vehicle is not

defective. This constitutes an opinion on a conclusion of law and encroaches on the duty of the trier of fact as the interpreter of the law in this case.

Furthermore, Kam's testimony about the history of NHTSA, the process for creating Federal Motor Vehicle Safety Standards ("FMVSS"), the Office of Defect Investigation, and any other background information relating to the Safety Act is not relevant. Nothing in Kam's testimony will help the jury resolve factual disputes at issue in this case because the testimony has no relationship to any of the issues in the case. Therefore, Kam's testimony does not satisfy the Federal Rule of Evidence 702 requirement that the testimony be of assistance to the jury. Under Federal Rules of Evidence 401 and 402, Kam's testimony is not relevant.

## II. BACKGROUND

Plaintiffs have designated Allan Kam as a testifying expert witness and provided his report. *See* Allan Kam's Report, attached hereto as Exhibit "A." Kam is an attorney who worked for NHTSA. Kam indicated that he was asked to "address the possible argument or theory that the vehicle as issue was safe or not defective because it allegedly complied with all [FMVSS]." *See* Excerpts from the Deposition of Allan Kam at p. 8 lines 7-10, attached hereto as Exhibit "B" [hereinafter "Kam Deposition"]. To explain the theory, he would have to explain the nature of the FMVSS and how they are issued and to provide some background information on NHTSA. *Id.* at p. 8 lines 11-15. Kam was deposed on May 13, 2005.

## III.
## ARGUMENT

A. **Kam's Testimony is Inadmissible Because it is an Opinion on a Conclusion of Law.**

Kam's testimony is inadmissible because it constitutes an opinion on a conclusion of law. Federal Rule of Evidence 704 states that opinion testimony, otherwise admissible, is not objectionable because it includes an ultimate issue to be decided by the trier of fact. Federal Rule of Evidence 702 permits the district court to admit expert testimony that will assist the trier of fact in either understanding the evidence or determining a fact in issue. However, neither rule permits expert witnesses to offer conclusions of law. *See Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983); *C.P. Interests, Inc. v. California Pools, Inc.*, 238 F.3d 690 (5th Cir. 2001); *see also Dickerson v. Debarbieris*, 964 S.W.2d 680, 690 (Tex. App.—Houston [14th Dist.] 1998, no pet.).

In *Owen v. Kerr-McGee*, the plaintiff sued Kerr-McGee for negligently installing and operating a gas pipeline. Owen was clearing land when his bulldozer struck the pipeline. An explosion resulted, injuring Owen. There was no dispute in the evidence as to the factual cause of the explosion; Owen's bulldozer struck the pipeline. At trial, Kerr-McGee asked its expert to give an opinion as to the cause of the accident. Owen objected, and the trial court sustained the objection. The Fifth Circuit upheld the ruling stating that the Advisory Committee notes to Rule 704 make clear "that questions which would merely allow the witness to tell the jury what result to reach are not permitted. Nor is the rule intended to allow a witness to give *legal* conclusions." *Owen v. Kerr-McGee*, 698 F.2d at 240 [citing *United States v. Fogg*, 652 F.2d 551, 557 (5th Cir. 1981),

*cert. denied*, 456 U.S. 905 (1982); *United States v. Milton*, 555 F.2d 1198, 1203 (5th Cir. 1977)]. Because there was no factual dispute, the expert's opinion as to the cause of the accident could only have been a legal conclusion, and the court correctly excluded the opinion.[1]

Applying Texas Rule of Evidence 704, which is identical to Federal Rule of Evidence 704, a Texas Court of Appeals excluded expert testimony on a pure question of law. In *Dickerson v. Debarbieris*, one party intended to offer expert testimony interpreting the bylaws of a condominium association, specifically that the bylaws permitted non-judicial foreclosure and that the bylaws could be amended to allow for such a disclosure. *Dickerson v. Debarbieris*, 964 S.W.2d at 690. The court of appeals excluded this testimony as an opinion on a pure question of law. *Id.*

Plaintiffs intend to call Kam to testify concerning FMVSS, NHTSA standards, and background information about NHTSA. *See* Kam Deposition at p. 8. Kam will not offer any opinions as to whether the Land Cruiser contained a design, manufacturing, or marketing defect. *Id.* at p. 72 lines 13-16. Kam will not testify regarding the Evans' Land Cruiser in question. *Id.* at p. 72 lines 4-8 ("I'll be offering no opinions that are specific to the Evans' vehicle."). Instead, Kam intends to testify that any FMVSS that are arguably applicable to this situation are merely minimum safety standards and that a

---

[1] *Bartley v. Euclid, Inc.*, a Fifth Circuit decision from 1998, illustrates the proper role of expert testimony in strict liability cases. In *Bartley*, the plaintiffs sued Euclid claiming that they had sustained back injuries as a consequence of long-term repetitious trauma and severe vibrations experienced while operating coal haulers manufactured by Euclid. The court allowed Bartley's expert to testify that the vibration of the coal haulers violated the health and safety standards of the International Safety Organization. Importantly, Bartley's expert did not offer a general opinion as to whether compliance with the standards ensured that the coal haulers were not defective. His opinion applied the appropriate standards to the actual products in the case to assist the jury in determining whether the vehicles complied with the standards. *Bartley v. Euclid, Inc.*, 158 F.2d 261, 270 (5th Cir. 1998), *vacated* 169 F.3d 215 (5th Cir. 1999). On subsequent appeal, the *Bartley* court issued an opinion that did not address the testimony of Bartley's safety standards expert. *Bartley v. Euclid, Inc.*, 180 F.3d 175 (5th Cir. 1999).

vehicle could comply with the standards and still be defective. *See* Kam Deposition at pp. 75-77. However, Kam will offer no testimony as to whether Land Cruiser complied with any applicable FMVSS. *Id.* at p. 72 lines 17-20. Finally, he will not offer any testimony concerning the nature of the accident itself. *Id.* at p. 72 lines 1-3.

Kam will not provide any testimony concerning the actual vehicle or accident in question. By his own admission, Kam will not testify on a mixed question of law and fact. *See* Kam Deposition at p. 89 lines 15-21. Instead, Kam will only provide testimony concerning abstract legal standards without actually applying them to the facts of this case. As he stated in deposition, "I'm not going to be opining about the subject vehicle, per se, at all. As a general statement, I will be providing a macroanalysis of the regulatory scheme. I will not be providing a microanalysis of the subject vehicle or the Evans incident." *See id.*

Unlike testimony on mixed questions of law and fact, testimony offering an opinion on a conclusion of law is not admissible. Kam's abstract, "macroanalysis" testimony of abstract legal standards is the exact type of expert testimony on a conclusion of law that the Fifth Circuit and Texas Supreme Court have held inadmissible. *See Owen*, 698 F.2d at 240; *Louder v. De Leon*, 754 S.W.2d 148, 149 (Tex. 1988); *Birchfield v. Texarkana Memorial Hosp.*, 747 S.W.2d 361, 365 (Tex. 1987). Kam will not testify about any actual defects in the Land Cruiser, actual causes of the accident, or the actual injuries to the Plaintiffs. Rather, Kam purports to testify about only NHTSA standards and his opinion that compliance with these standards does not <u>necessarily mean</u> that the vehicle is not defective. This is a purely legal interpretation that invades the province of the trier of fact and should be excluded under FEDERAL RULE OF EVIDENCE 704.

### B.   Kam's Testimony is Not Relevant.

Kam's testimony is also inadmissible because it is not relevant. Relevancy is one aspect of the Federal Rule of Evidence 702 analysis. To be relevant, evidence must help the jury determine that: (1) a fact of consequence to the case is (2) more or less probable. Federal Rule of Evidence 401 (stating the general rule of relevancy). To be a fact of consequence in a case, "the proposition to be proved must be part of the hypothesis governing the case—a matter that is in issue, or probative of a matter that is in issue, in the litigation." *United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981). Evidence that has no relationship to any of the issues in the case is irrelevant and does not satisfy the FEDERAL RULE OF EVIDENCE 702 requirement that the testimony assist to the jury. Such evidence is inadmissible under Federal Rules of Evidence 401 and 402.

Kam's testimony will not aid the jury in revolving any of the factual disputes in this case. Nothing relating to the history of NHTSA, the process for creating FMVSS, the organization of FMVSS, the obligation to recall defective vehicles under the Safety Act, the organization of NHTSA's Office of Defect Investigation, or the Office of Defect Investigation screening process will help the jury evaluate the Plaintiffs' strict liability, breach of warranty, misrepresentation, or negligence claims. Neither the jury nor the court will garner any useful information from Kam's opinions on the state of NHTSA or the effectiveness of FMVSS.

### V.
### CONCLUSION

Allan Kam's testimony on National Highway Transportation Safety Administration standards in this case is inadmissible under Federal Rule of Evidence 704 because it constitutes opinion testimony offering a conclusion of law. Kam will not

testify about any particular defect in the vehicle in question or whether the vehicle complies with any allegedly applicable standard. Instead, Kam will simply testify that compliance with these standards does not necessarily mean that the vehicle is not defective. This constitutes an opinion on a purely legal question and encroaches on the duty of the trier of fact as the sole interpreter of the law in this case.

Furthermore, Kam's testimony is not relevant. Nothing in Kam's testimony will help the jury resolve a factual dispute that is an issue in this case because the testimony has no relationship to any of the issues in the case. Therefore, Kam's testimony does not satisfy the Federal Rule of Evidence 702 requirement that the testimony be of assistance to the jury.

WHEREFORE, PREMISES CONSIDERED, Defendants Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc. and Toyota Motor North America, Inc., respectfully pray that the above and foregoing Motion to Exclude the Testimony of Allan Kam be, in all things, granted, and for all such other relief, at law and in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

J. KARL VIEHMAN – Attorney in Charge
Southern District Bar No. 17096
State Bar No. 20579390
**SUZANNE H. SWANER - of Counsel**
State Bar No. 90001631
Southern District Bar No. 23608

**HARTLINE, DACUS, BARGER, DREYER & KERN, L.L.P.**
6688 North Central Expressway, Suite 1000
Dallas, TX 75206
Telephone (214) 369-2100
Telecopier (214) 369-2118

AND

J. RANDOLPH BIBB, JR.
Baker, Donelson, Bearman, Caldwell
& Berkowtiz, P.C.
211 Commerce Street
Commerce Center Suite 1000
Nashville, TN 37201
Telephone (615) 726-5600
Telecopier (615) 726-0464

**ATTORNEYS FOR DEFENDANTS
TOYOTA MOTOR CORPORATION,
TOYOTA MOTOR SALES, U.S.A., INC., and
TOYOTA MOTOR NORTH AMERICA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this \_1st\_ day of July 2005.

*Fred C. Hunter* (signature)