IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| RONALD WAYNE EVANS, Individually, and as Administrator of THE ESTATE OF LISA EVANS, Deceased, and as Next Friend of NICHOLAS TYLER EVANS, a Minor Child, BONNIE BARNETT, and DONALD L. MANSKER, JR. Plaintiffs, <br><br> VS. <br><br> TOYOTA MOTOR CORPORATION TOYOTA MOTOR SALES, U.S.A., INC., and TOYOTA MOTOR NORTH AMERICA, INC., Defendants. | § § § § § § § § § § § § § § § § § CIVIL ACTION NO. V-03-09 |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE
THE TESTIMONY OF ALLAN KAM**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Toyota Motor Corporation ("TMC"), Toyota Motor Sales, U.S.A., Inc. ("TMS"), and Toyota Motor North America, Inc. ("TMA") (collectively "Defendants") and make and file this Reply brief in Support of their Motion to Exclude the Testimony of Allan Kam.

Defendants filed their original motion to exclude Mr. Kam's opinions as described in his report. In particular, Kam purports to opine about safety standards promulgated by the National Transportation Highway Safety Administration ("NHTSA"), as well as NHTSA's structure, organization, history, and purpose. Despite Plaintiffs' conclusory statements that such opinions are relevant, clearly they are not.

1

Mr. Kam is an attorney formerly employed by NHTSA. In this case, he has submitted a 22-page report, not including attachments, that covers topics such as:

· Background on NHTSA and the Safety Act;

· The Rulemaking Process

· Federal Motor Vehicle Safety Standards;

· A FMVSS is Only a Minimum Standard;

· Organization of FMVSSs;

· Manufacturers Self-Certify Compliance with FMVSSs;

· Office of Vehicle Safety Has Very Limited Resources;

· Obligation to Recall Defective Vehicles Under the Safety Act; and

· NHTSA's Office of Defect Investigation.

As Defendants stated in their Motion to Exclude, Mr. Kam has testified he will not offer any opinions about the Land Cruiser at issue. Instead, he intends to offer a "macroanalysis of the regulatory scheme." Of course, the jury in this case will not be asked to answer questions about NHTSA's organization or determine the sufficiency of the agency's regulatory scheme at macro analytical level. Mr. Kam's report is the best example of why his opinions are not relevant or connected with any disputed issues in this case.

Further, as Defendants previously argued, Mr. Kam's "opinions" are fairly characterized as opinions of law. He seeks to provide, in a patently biased manner, his own interpretation and understanding of NHTSA's purpose and its promulgation of safety standards. He does not offer opinions regarding whether the Land Cruiser met those standards or not, but simply repeats his mantra that the standards are "minimum"

levels of safety and that a vehicle could comply and still be defective. Because Kam does not offer any opinions connected to the Land Cruiser in question, his report by definition constitutes opinions of law. An expert may not opine on a matter of law under either Federal Rule of Evidence 702 or Texas Rule of Evidence 702. See, e.g., Lyondell Petrochemical Co. v. Flour Daniel, Inc., 888 S.W.2d 547, 554 (Tex. App. - Houston [1st Dist.] 1994, writ denied). For this reason, his testimony should be excluded.

Respectfully submitted,

J. KARL VIEHMAN - Attorney in Charge
Southern District Bar No. 17096
State Bar No. 20579390
SUZANNE H. SWANER - of Counsel
State Bar No. 90001631
Southern District Bar No. 23608

**HARTLINE, DACUS, BARGER, DREYER & KERN, L.L.P.**
6688 North Central Expressway, Suite 1000
Dallas, TX 75206
Telephone (214) 369-2100
Telecopier (214) 369-2118

AND

**J. RANDOLPH BIBB, JR.**
**Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.**
211 Commerce Street
Commerce Center Suite 1000
Nashville, TN 37201
Telephone (615) 726-5600
Telecopier (615) 726-0464

**ATTORNEYS FOR DEFENDANTS**
**TOYOTA MOTOR CORPORATION,**
**TOYOTA MOTOR SALES, U.S.A., INC., and**
**TOYOTA MOTOR NORTH AMERICA, INC.**

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this ____ day of August 2005.

_____