UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| RONALD WAYNE EVANS, Individually, § | | |
| and as Administrator of THE ESTATE of § | | |
| LISA EVANS, Deceased, and as Next Friend § | | |
| of NICHOLAS TYLER EVANS, a Minor § | | |
| Child, BONNIE BARNETT, and § | | |
| DONALD L. MANSKER, JR. § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | CIVIL ACTION NO. V-03-09 | |
| § | | |
| TOYOTA MOTOR CORPORATION, and § | | |
| TOYOTA MOTOR SALES, U.S.A., INC., § | | |
| § | | |
| Defendants. § | | |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendants' Motion for Summary Judgment. (Dkt. # 123). The Court, having reviewed the motion, the responses of the parties, and the applicable law, is of the opinion that the motion should be GRANTED in part and DENIED in part, as outlined below.

**Factual and Procedural Background**

This products liability case arises out of an incident that occurred at Plaintiffs' residence on June 29, 2002. According to Plaintiffs' allegations, Lisa Evans pulled her 2000 Toyota Land Cruiser into the garage and placed the vehicle in what she thought was "park." Mrs. Evans left the vehicle running and got out to remove items from the vehicle's cargo area. According to Plaintiffs' defect allegations, the Land Cruiser was not in "park" at this time, but was actually in a position between "park" and "reverse." This alleged position between "park" and "reverse" caused the vehicle to slip into "reverse," and Mrs. Evans became positioned between the Land Cruiser's open door and the side of the garage. Mrs. Evans died as a result of the injuries she received in the accident.

Plaintiffs filed suit on January 21, 2003. Plaintiffs allege causes of action based on strict liability, negligence, misrepresentation, and breach of warranty, claiming that the design of the Land Cruiser's transmission allowed the transmission to be placed in a position between "park" and "reverse," which allowed the vehicle to slip out of gear and roll backwards.

Defendants filed the pending motion for summary judgment on July 1, 2005, alleging that Plaintiffs have failed to meet the burden of establishing each of the elements of their strict liability, negligence, negligent misrepresentation, and breach of warranty claims. Specifically, Defendants allege that Plaintiffs have failed to provide adequate evidence that the alleged defect in the 2000 Land Cruiser transmission caused Lisa Evans death. They further allege that Plaintiffs have not shown that they relied on any advertising or other statements made by Defendants when purchasing the subject vehicle or that Plaintiffs would have heeded any warnings, even if one had been provided.

**Summary Judgment Standard**

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Christopher Village, LP v. Retsinas*, 190 F.3d 310, 314 (5th Cir. 1999). "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). To prevent summary judgment, the non-movant must "respond by setting forth specific facts" that indicate a genuine issue of material

fact. *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 505 (5th Cir. 1999).

When considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in favor of the non-movant. *See Samuel v. Holmes*, 138 F.3d 173, 176 (5th Cir. 1998); *Texas v. Thompson*, 70 F.3d 390, 392 (5th Cir. 1995). "The court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). However, the non-movant cannot avoid summary judgment by presenting only "conclusory allegations," or "unsubstantiated assertions," such as the bare allegations of a complaint, but must present sufficient evidence, such as sworn testimony in a deposition or affidavit, to create a genuine issue of material fact as to the claim asserted. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc).

## Discussion

Defendants motion asserts that they are entitled to summary judgment for three reasons: first, they allege that Plaintiffs have not provided even a scintilla of evidence to show that the "false-park" phenomenon actually caused Lisa Evans death; second, they allege that Plaintiffs cannot recover on their strict liability warning claims because there is no evidence that Plaintiffs would have heeded a proper warning; third, they allege that Plaintiffs have no evidence that they relied on any advertising or other statements made by Defendants when purchasing the Land Cruiser, and thus cannot establish a case for negligent misrepresentation.

Defendants first move for summary judgment on all Plaintiffs' claims on the grounds that they have not established the element of causation. When causation facts are disputed, causation

may be established by circumstantial or direct evidence. *McMillen Feeds, Inc. v. Harlow*, 405 S.W.2d 123, 130 (Tex.Civ.App.-Austin 1966, writ ref'd n.r.e.). To raise a genuine issue of material fact, however, the evidence must transcend mere suspicion. Evidence that is so slight as to make any inference a guess is in legal effect no evidence. *Lozano v. Lozano*, 52 S.W.3d 141, 148 (Tex.2001); *Browning-Ferris, Inc. v. Reyna*, 865 S.W.2d 925, 928 (Tex.1993). The Texas Supreme Court has repeatedly held that more than a scintilla of evidence exists if the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997); *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995); *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 25 (Tex.1994). On the other hand, "[w]hen the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983).

     Defendants rely heavily on the Texas Supreme Court's decision in *Ford Motor Co. v. Ridgway* to support their contention that Plaintiffs have not adequately proven the element of causation. *See* 135 S.W.3d 598 (Tex. 2004). In *Ridgway*, the court found that the circumstantial evidence presented to show that a manufacturing defect existed in the vehicle at issue did not exceed more than a scintilla. In an attempt to overcome the "mere scintilla" requirement, plaintiffs had produced an expert whose opinion amounted to nothing more than that he suspected the electrical system caused the fire. However, the expert admitted that he could not rule out part of the fuel system as a possible cause. Additionally, the court found that there was no proof that established a defect in the truck at the time it left the manufacturer. As such, the court determined that the expert's affidavit, even when combined with the plaintiff's affidavit, was not sufficient to

4

raise a fact issue.

The Court first notes that the lack of an eyewitness to Lisa Evans death does not present an insurmountable obstacle for the Plaintiffs. As the Texas Supreme Court has noted,

> [t]o accept the contrary view . . . would, in almost every conceivable circumstance, make redress impossible for the family of a victim killed in an unwitnessed occurrence regardless of the strength of the circumstantial evidence. It would remove any legal incentive for businesses to take adequate security measures to protect employees. It would deny determined law enforcement officials the partnership with the private sector needed to oppose lawlessness. In no way do we "direct[ ] the public's rightful outrage about the rising level of crime toward [any business],"; we simply refuse to create a wholly unwarranted exception to well-established tort law in Texas.

*Havner v. EZ Mart Stores, Inc.*, 825 S.W.2d 456, 465-66 (Tex. 1992). Furthermore, the amount of testimony and evidence presented by Plaintiffs in this case exceeds the amount and quality of evidence presented in *Ridgway*. First, Plaintiffs have introduced testimony through Edward Fritsch indicating that Toyota was aware of the potential design flaw in the detent switch at the time it was manufactured. Fritsch's expert report notes that the

> characteristics of the "false park" phenomenon, specifically domains where the shift selector lever can be stopped between park and reverse, and the likelihood of spontaneous shifting of the transmission from "false park" into reverse are documented in the Toyota Engineering Standard ("TSD") 2507.6, meaning that both "false park" and possible spontaneous shifting into reverse were not only foreseeable by Toyota, but actually had been foreseen, were known and had been quantified by Toyota at the time of Mrs. Evans accident.

Furthermore, Plaintiffs have provided the testimony of Robert Swint, an accident reconstructionist, to support their proposition that the car shifted without warning from a "false-park" position into reverse, thus causing Lisa Evans to be trapped between the car door and the garage wall. Swint's report for the Sugar Land Police Department reveals that Linda Evans was seen at the back of her vehicle with the Land Cruiser's back door open at some point prior to the incident. The witness who observed Mrs. Evans indicated that the area between the fuel fill door and the passenger door

5

was inside the garage when she drove by and waved to Mrs. Evans. The same witness indicated that she drove by later and noticed that the rear of the vehicle was sticking farther out of the garage than she had first observed. Swint's report also indicates that he and his staff tested the gear shift lever on the Evans' Land Cruiser and found a spot between park and reverse that produced what he called a "false park." Plaintiffs also provide the testimony of Joseph Ware to indicate that no changes or modifications had been made to the transmission or the linkage at the time of the incident, thus eliminating possible alternative causes for the "false park" phenomenon experienced by Plaintiffs' various experts. The Court, therefore, finds that enough evidence exists and has been presented such that reasonable minds could differ as to the cause of Lisa Evans' death. Accordingly, the Court will DENY the motion for summary judgment as to the issue of causation.

*Failure to Warn*

Defendants also assert that they are entitled to summary judgment as to the failure to warn claim because there is no evidence that either Lisa Evans or her husband would have heeded a warning. Defendants contend that Plaintiffs, therefore, cannot establish that either the lack of a warning or the presence of an inadequate warning caused Mrs. Evans' injuries.

To support this proposition, Defendants cite to the Texas Supreme Court's decision in *General Motors v. Saenz*, 873 S.W.2d 353, 357 (Tex. 1993). In *Saenz*, the court held that

> A plaintiff must show that adequate warnings would have made a difference in the outcome, that is, that they would have been followed. In the best case a plaintiff can offer evidence of his habitual, careful adherence to all warnings and instructions. In many cases, however, plaintiff's evidence may be little more than the self-serving assertion that whatever his usual practice may have been, in the circumstances critical to his claim for damages he would have been mindful of an adequate warning had it been given.

*Id.* Defendants discussion of *Saenz*, however, omits a critical portion of the court's analysis. The court, recognizing this problem of proof, stated

6

> We recognized this problem of proving causation in *Technical Chemical Co. v. Jacobs*, 480 S.W.2d 602, 606 (Tex.1972). As one solution, we observed: "It has been suggested that the law should supply the presumption that an adequate warning would have been read." However, we did not accept this suggestion in *Technical Chemical* or employ the presumption to assist plaintiff in proving causation . . . This Court did not actually adopt the presumption suggested in *Technical Chemical* until our opinion in *Magro v. Ragsdale Brothers, Inc*., 721 S.W.2d 832, 834 (Tex.1986).
>
> Continuing its discussion of this presumption, the Texas Supreme Court went on to say that
>
> In reversing the judgment of the court of appeals [in *Magro*] we explained [that] [a]n unreasonably dangerous product must be a producing cause of plaintiff's injuries to create liability. . . . Once a plaintiff proves the lack of adequate warnings or instructions rendered a product unreasonably dangerous, his producing cause burden is aided by the presumption described in *Technical Chemical*. . . . When a manufacturer fails to give adequate warnings or instructions, a rebuttable presumption arises that the user would have read and heeded such warnings or instructions. . . . This presumption may be rebutted with evidence that the user was blind, illiterate, intoxicated at the time of the product's use, irresponsible, lax in judgment, or by some other circumstances tending to show that the improper use would have occurred regardless of the proposed warnings or instructions. . . .

*Id*. (citations omitted).

Based on this analysis, then, Defendants' argument that Plaintiffs have no evidence that either Mr. Evans or his wife ever read the owner's manual or would have heeded a warning is inadequate to entitle them to summary judgment. The fact that the Evans' never read warning material in the past does not rebut the presumption identified by the Texas Supreme Court. Defendants do not provide, for example, any evidence to show that Lisa Evans was intoxicated, irresponsible, lax in judgment, or some other circumstance of improper use. Without such testimony, Defendants are not entitled to summary judgment on this issue.

*Negligent Misrepresentation*

Defendants additionally assert that they are entitled to summary judgment on the Plaintiffs' negligent misrepresentation claims. Defendants maintain that Plaintiffs have no evidence that they relied on any advertising or other statements when purchasing the Land Cruiser. Without such

7

evidence, Defendants argue, Plaintiffs cannot establish the reliance element of the negligent misrepresentation cause of action.

Plaintiffs, in response, assert that the element of reliance, according to section 402B of the Restatement (Second) of Torts,[1] includes a consumer's reliance on the seller's representations in continuing to use the product. The Restatement establishes liability for the following:

> One engaged in the business of selling chattels who, by advertising, labels, or otherwise, makes to the public a misrepresentation of a material fact concerning the character or quality of a chattel sold by him is subject to liability for physical harm to a consumer of the chattel caused by justifiable reliance upon the misrepresentation, even though
> (a) it is not made fraudulently or negligently, and
> (b) the consumer has not bought the chattel from or entered into any contractual relation with the seller.

Restatement (Second) Torts, § 402B (1965).

The commentary to § 402B discusses "justifiable reliance," stating that

> The rule here stated applies only where there is justifiable reliance upon the misrepresentation of the seller, and physical harm results because of such reliance, and because of the fact which is misrepresented. It does not apply where the misrepresentation is not known, or there is indifference to it, and it does not

---

[1] This section has been superceded by section 9 of the Restatement (Third), promulgated in 1997, which reads:
> One engaged in the business of selling or otherwise distributing products who, in connection with the sale of a product, makes a fraudulent, negligent, or innocent misrepresentation concerning the product is subject to liability for harm to persons or property caused by the misrepresentation.

Comment c to this section reads:
> The elements of materiality, causation, and contributory fault. It is important to note that § 402B, in Comments g and j, incorporates by reference §§ 537-548A of the Restatement, Second, of Torts. These Sections define what constitutes a material misrepresentation, see § 538; what is a material fact, see §§ 538-543; the requirement that the misrepresentation be a cause in fact of the harm, see § 546; the requirement that the misrepresentation be a legal cause of the harm, see § 548A; and the role of contributory fault and its relation to justifiable reliance, see § 545A.

It, therefore, appears as though comment j applies to the newer version in the same manner as it applied to the former version.

>influence the purchase or subsequent conduct. At the same time, however, the misrepresentation need not be the sole inducement to purchase, or to use the chattel, and it is sufficient that it has been a substantial factor in that inducement. (Compare § 546 and Comments.) Since the liability here is for misrepresentation, the rules as to what will constitute justifiable reliance stated in §§ 537-545A are applicable to this Section, so far as they are pertinent.

*Id.*, comment j. Plaintiffs argue that the owners manual positively states that the vehicle cannot be shifted out of park unless the brake is depressed.  The owners manual states "[y]our automatic transmission has a shift lock system to minimize the possibility of incorrect operation.  This means you can only shift out of "P" when the brake pedal is depressed (with the ignition switch in "ON" position and the lock release button depressed)."  Plaintiffs argue that this evidence, coupled with the fact that the dashboard indicator light will illuminate the "P" which represents to the owner that the vehicle is in park, even when the vehicle is actually between park and reverse, creates a question of fact as to whether Lisa Evans justifiably relied on Toyota's affirmative representation regarding the placement of the gear shift in park when operating her 2000 Land Cruiser.

Defendants note that Mr. Evans stated affirmatively in his deposition that he had never read the portion of the owners manual in question, had not relied on the representation regarding the park selector, and, in fact, had not relied on any advertising or statements made by Toyota at the time he purchased the vehicle.  *Deposition of Ronald Evans*, p. 33-34.  There has been no evidence to suggest that Lisa Evans read the owners manual and therefore relied upon any statements made therein.  Rather, Mr. Evans testified that he did not know whether his wife had ever looked at the Land Cruiser's owners manual.

To the extent that Plaintiffs argue that the illumination of the "P" indicator light on the dash prior to the vehicle actually being placed in the park position constitutes a negligent misrepresentation upon which Lisa Evans relied, the Court finds this argument unpersuasive.  To allow such an argument would, in the Court's view, turn every products liability action into a

9

action for negligent misrepresentation.  Further, the Court notes that Plaintiffs have not cited any cases for the proposition that the defect itself constitutes a negligent misrepresentation.  Likewise, there is no testimony from Plaintiffs to show that either Ronald or Lisa Evans relied on the dash board illuminator in placing the car into the park or "false park" position.  The Court will, therefore, GRANT summary judgment as to this issue.

## Conclusion

For the reasons state above, Defendants' Motion for Summary Judgment (Dkt. # 123) is hereby  GRANTED in part and DENIED in part  .

It is so ORDERED.

Signed this 18th day of August, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE