UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| RONALD WAYNE EVANS, Individually, § <br> and as Administrator of THE ESTATE of § <br> LISA EVANS, Deceased, and as Next Friend § <br> of NICHOLAS TYLER EVANS, a Minor § <br> Child, BONNIE BARNETT, and § <br> DONALD L. MANSKER, JR. § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> TOYOTA MOTOR CORPORATION, and § <br> TOYOTA MOTOR SALES, U.S.A., INC., § <br> § <br> Defendants. § | CIVIL ACTION NO. V-03-09 |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendants' Motion to Exclude Certain Testimony of Dr. William Davis (Dkt. #170). The Court, having considered the motion, the arguments of the parties, and the applicable law, is of the opinion that Defendants' motion should be GRANTED in part and DENIED in part.

**Discussion**

In their motion, Defendants seek to disqualify the expert testimony of Dr. William Davis on the grounds that his opinions are based on inappropriate speculation and flawed reasoning, and therefore are unreliable and irrelevant under Rules 402 and 702 of the Federal Rules of Evidence. The Court will address Dr. Davis' qualifications as an expert witness and each portion of his testimony below.

**I.    Expert Testimony Standards**

Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has

applied the principles and methods reliably to the facts of the case.

This "imposes a special obligation upon a trial judge to 'ensure that any and all scientific testimony . . . is not only relevant, but reliable." *Kuhmo Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). The expert testimony must be relevant, not simply in the sense that all testimony must be relevant under Federal Rule of Evidence 402, but also in the sense that the expert's proposed opinion is based on a valid scientific inquiry. *Daubert*, 509 U.S. at 592.

The Supreme Court has provided five non-exclusive factors to consider when assessing whether the methodology upon which an expert rests his opinion is scientifically reliable. These factors are (1) whether the expert's theory can be or has been tested, (2) whether the theory has been subject to peer review and publication, (3) the known or potential rate of error of a technique or theory when applied, (4) the existence and maintenance of standards and controls, and (5) the degree to which the technique or theory has been generally accepted in the scientific community. *Daubert*, 509 U.S. at 593–94; *Burleson v. Texas Dept. of Criminal Justice*, 393 F.3d 577 (5th Cir. 2004). The test for determining reliability is flexible and can adapt to the particular circumstances underlying the testimony at issue. *Kumho Tire*, 526 U.S. at 150–51. The party seeking to have the district court admit expert testimony must demonstrate that the expert's findings and conclusions are reliable, but need not show that the expert's findings and conclusions are correct. *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

**II.     Analysis**

Plaintiffs contend that "Dr. Davis has the credentials and qualifications to testify about his patient, Lisa Evans."[1] Plaintiffs offer in support of this contention Dr. Davis' *curriculum vitae* and a general look at his medical practice. Defendants do not dispute Dr. Davis' qualifications. However, Defendants correctly observe that expert testimony is generally insufficient to support a judgment when the expert

---

[1] Plaintiffs' Response to Defendants' Motion to Exclude Certain Testimony of William Davis, M.D., pg. 3.

2

"brings to court little more than his credentials and a subjective opinion." *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 421–22 (5th Cir. 1987). Therefore, the Court must turn to the reliability of Dr. Davis' testimony.

Any witness is competent to testify as to a matter about which he has personal knowledge. FED.R.EVID.602; *United States v. Cantu*, 167 F.3d 198, 204 (5th Cir. 1999). Defendants do not dispute Dr. Davis' competency to testify as a fact witness about Lisa Evans' treatment, including the prescriptions he wrote, the instructions he gave, his knowledge of her refill pattern, and whether or not she reported any side effects. Defendants do, however, take issue with the inferences and opinions Dr. Davis forms from his knowledge of Lisa Evans' treatment. Defendants argue that Dr. Davis' opinion that Lisa Evans was taking less than one Valium a day based on his knowledge of her refill pattern, and his opinion that she was taking her medication in the evening based on the prescription and his instructions, are improper speculation. The Court disagrees.

Settled case law indicates that "[p]ersonal knowledge can include inferences and opinions, so long as they are grounded in personal observation and experience." *Cantu*, 167 F.3d at 204 (quoting *United States v. Neal*, 36 F.3d 1190, 1206 (1st Cir.1994)). As her treating physician, Dr. Davis had knowledge of her personal treatment that would allow him to opine on her habits with regard to her use of Valium. Dr. Davis can properly infer from his personal knowledge of Lisa Evans' prescription refill pattern that she was "refilling her prescriptions at a rate of slightly less than the one tablet per day that she was prescribed."[2] Dr. Davis also testifies that, based on his personal observations, Lisa Evans never appeared to be impaired during their interaction, nor did she ever report any adverse effects. Dr. Davis can properly infer from the foregoing that, in his opinion, Lisa Evans was not misusing the Valium to which she was prescribed. Such testimony is material ripe for cross-examination, not material that should be excluded from the scrutiny of

---

[2] Plaintiffs' Response to Defendants' Motion to Exclude Certain Testimony of William Davis, M.D., pg. 7.

jurors.

Although Dr. Davis can properly infer that Lisa Evans was not generally misusing her medications, Defendants also object to the conclusions he draws about her particular use of medications on the day of her death. Specifically, Plaintiffs contend that Dr. Davis' opinions that Lisa Evans did not take Valium on the day of her death and was not impaired at the time of her death are both improperly speculative and conflict with direct evidence in the toxicology report. The Court agrees for the following reasons. First, it is undisputed that Dr. Davis has no personal knowledge about what Lisa Evans did in fact do on the day of her death. Although he can testify as to her habitual usage based on inferences from his personal knowledge, it is the province of the jury to deduce her particular conduct from evidence of habit. FED. R. EVID. 602, 406. Second, as an expert witness, Dr. Davis has offered no scientifically reliable basis for his opinions that Lisa Evans did not take Valium on the day of her death and that she was not impaired at the time of her death. Defendants correctly point out that Dr. Davis admitted to having "no way of knowing" what medications Lisa Evans took on the day of her death.[3] Indeed, based on his deposition testimony, it appears that he was not basing his opinion on analysis of the evidence presented in the toxicology report.[4] Although the Court disagrees with Defendants' contention that Dr. Davis' testimony conflicts with the toxicology report, the Court does note that the toxicology report is the only available direct evidence of when and what quantity of prescription medications Lisa Evans took on the day of her death. Because Dr. Davis offers no alternative scientific basis for his conclusions and has not relied on the toxicology report, the Court concludes that Dr. Davis' testimony on these matters is not sufficiently reliable under the criteria set forth in *Daubert*.

Dr. Davis also opines about the general effects of Valium and Flexeril. As noted above, the Court

---

[3] Defendants' Motion to Exclude Certain Testimony of Dr. William Davis, Exhibit B at pp. 80–81. Dr. Davis further testified, "I do not know on that day if she took the medicine as directed or not the night before. she does have some in her blood, so she obviously had taken it within a certain period of time." *Id.* at 79.

[4] *Id.* at 79; 81–82.

does believe that any opinion from Dr. Davis about the effects of these drugs on Lisa Evans on the day in question are not sufficiently reliable under *Daubert*. That is, the Court finds that any conclusions Dr. Davis might offer about the effects that Lisa Evans did in fact experience are not admissible. However, as a physician with experience prescribing Valium and Flexeril, Dr. Davis can properly testify about the general effects of those medications, including what effects Lisa Evans *would have* experienced *if* she had taken her medication as prescribed. To be more specific, Dr. Davis can testify that "if she were following [his] directions (taking Valium at night), then she would not have been impaired at the time of her death." [5]

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs' Motion to Exclude Certain Testimony of Dr. William Davis (Dkt. #170) is GRANTED in part and DENIED in part.

It is so ORDERED.

Signed this 1st day of September, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

---

[5] Defendants' Motion, p.6.

5