UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **RONALD WAYNE EVANS, Individually,** § | | |
| **and as Administrator of THE ESTATE of** § | | |
| **LISA EVANS, Deceased, and as Next Friend** § | | |
| **of NICHOLAS TYLER EVANS, a Minor** § | | |
| **Child, BONNIE BARNETT, and** § | | |
| **DONALD L. MANSKER, JR.** § | | |
| § | | |
| **Plaintiffs,** § | | |
| § | | |
| v. § | **CIVIL ACTION NO. V-03-09** | |
| § | | |
| **TOYOTA MOTOR CORPORATION, and** § | | |
| **TOYOTA MOTOR SALES, U.S.A., INC.,** § | | |
| § | | |
| **Defendants.** § | | |

**MEMORANDUM AND ORDER**

Pending before the Court are Plaintiffs' Motion to Exclude Opinions and Evidence Based on Late Disclosed Testing (Dkt. #178) and Plaintiffs' Motion to Exclude Lee Carr as an Expert Witness (Dkt. #177). The Court, having considered the motions, the arguments of the parties, and the applicable law, is of the opinion that Plaintiffs' motion to exclude late-disclosed testing should be GRANTED and Plaintiffs' motion to exclude Lee Carr should be DENIED.

**Late-Disclosed Testing**

In their motion, Plaintiffs seek to exclude evidence based on a late-disclosed video prepared by Richard Keefer for Defendants. Plaintiffs argue that the video depicts a reconstruction of the incident using an exemplar 2000 Toyota Land Cruiser that is not substantially similar to Lisa Evans' vehicle, and should thus not be admissible as demonstrative evidence. Due to the circumstances and late disclosure of the Keefer video, the Court finds that Plaintiffs would be unfairly prejudiced if it were admitted as evidence.

On July 12, 2005, Plaintiff specifically asked Defense expert Richard Keefer during his

1

deposition, "[h]ave you videoed a recreation of what you think happened?" to which Keefer responded in the negative.  Plaintiffs went on to ask Keefer in detail whether he intended to make such a video recreation or had even had a conversation with Defendants about the possibility of conducting such a recreation, to all of which Keefer responded in the negative.  On July 15, 2005, such a recreation was conducted under the direction of Richard Keefer. Despite Plaintiffs' obvious interest at Keefer's deposition only three days earlier, Defendants failed to produce a copy of the videoed test at that time.  In fact, Plaintiffs did not discover the existence of the video until they deposed Defendants' expert witness, Lee Carr, on July 25, 2005.  Lee Carr testified, to the surprise of Plaintiffs, that he had seen a video prepared by Keefer depicting, "the driver opening the door, stepping out with her left foot, releasing her right foot from the break, putting both feet on the ground and simply walking away."[1] At this point Plaintiffs asked Defendants to produce a copy of the video, and after viewing it, complained to the Court that the potential material differences between the exemplar vehicle used in the  video and Lisa Evans' vehicle raised serious evidentiary issues.  The Court agreed and allowed Defendants the opportunity to cure the prejudicial effect of their late disclosure by making the exemplar vehicle available to Plaintiffs in Detroit for an investigation.  However, Defendants failed to make the exemplar vehicle available for a sufficient investigation.  Plaintiffs contend that they were denied the opportunity to investigate the mechanics of the exemplar vehicle which are at the center of this case, and thereby were denied the opportunity to acquire sufficient information to respond to Defendants evidence.  The Court agrees.

At this juncture, we are on the eve of trial and the exemplar vehicle is 1,500 miles away in Detroit.  The Court gave Defendants the opportunity to cure the prejudicial effect of their late disclosure, but Defendants failed to comply with the Court's instructions.  In their motion, Plaintiffs

---

[1] Deposition of Lee Carr, July 25, 2005, p. 148.

present several differences between the exemplar vehicle and the Evans vehicle discovered by their expert, Joseph Ware. Defendants respond to this with the contention that the differences are immaterial and the exemplar vehicle is, in all material respects, substantially similar to the Evans vehicle. Certainly, if the differences are immaterial, the recreation would satisfy the substantial similarity requirement for demonstrative evidence.[2] However, without the benefit of a full inspection, Plaintiffs are not in a position to present a full report of the differences between the vehicles to the Court. The concerns raised by the potential of material mechanical differences between the exemplar vehicle and the Evans vehicle lead the Court to conclude that the use of the Keefer video as support for opinions or evidence presented at trial would unfairly prejudice Plaintiffs.

Furthermore, Under Federal Rule of Civil Procedure 26(e)(1), Defendants were obliged to supplement disclosure of the Keefer video by making the exemplar vehicle available to Plaintiffs for a thorough investigation according to the Court's order. Because Defendants failed to properly supplement that disclosure, opinions and evidence based on the Keefer video are also properly excluded under Rule 37(c)(1).

### Lee Carr

Plaintiffs object to the testimony of Lee Carr on the grounds that it is based on a report that Carr neither signed nor prepared. Federal Rule of Civil Procedure 26(a)(2)(B) requires that an expert sign the written report which serves as the basis of his testimony. Defendants contend that Carr was entitled to authorize an associate to sign the report on his behalf without violating the "meaning and spirit" of

---

[2] However, the Court notes that the First Circuit Court of Appeals upheld a trial court's rejection of expert testimony in a "false park" case on the grounds that there was an insufficient showing that the vehicle involved in the accident was in substantially the same condition that it was at the time of the accident when it was evaluated in a mechanic's shop by plaintiffs' expert witness. *Bogosian v. Mercedes-Benz of North America, Inc.*, 104 F.3d 472, 479-80 (1st Cir. 1997). In that case, the trial court disallowed the use of evidence obtained from the very same vehicle. This suggests a very high bar for establishing substantial similarity for demonstrative evidence in a case like the one at bar.

3

Rule 26. It is not the practice of this Court or any other to reject the legal effect of a signature produced by one authorized to sign on behalf of the signator, where neither the authority to sign nor the authenticity of the signature are in doubt. *See e.g.*, *Wynne v. United States*, 217 U.S. 234, 246 (1910). The Court is thus satisfied that the report was properly signed. Furthermore, it appears that Plaintiffs' concerns that Carr failed to personally examine the Evans vehicle have been rendered moot by Carr's July 29, 2005 inspection of that vehicle.[3] Defendants have sufficiently established that Lee Carr exercised control over the production of the report he signed and conducted his own investigation to review the findings of that report. Carr has testified that he developed the protocols and procedures implemented in the production of the report, supervised the completion of and reviewed the report, "approved of its contents, and authorized that it be signed 'per procurationem' because [he] was traveling out of the state of Texas."[4] Therefore, the Court finds that the report was properly prepared and authenticated and is thus admissible as a basis for Lee Carr's expert testimony.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs' Motion to Exclude Opinions and Evidence Based on Late Disclosed Testing (Dkt. #178) should be GRANTED and Plaintiffs' Motion to Exclude Lee Carr as an Expert Witness (Dkt. #177) should be DENIED.

It is so ORDERED.

Signed this 16th day of October , 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

---

[3] Defendants' Response, Exhibit C, Affidavit of Lee Carr.

[4] *Id.* at pp. 2-3.