**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **RONALD WAYNE EVANS, Individually,** § | | |
| **and as Administrator of THE ESTATE of** § | | |
| **LISA EVANS, Deceased, and as Next Friend** § | | |
| **of NICHOLAS TYLER EVANS, a Minor** § | | |
| **Child, BONNIE BARNETT, and** § | | |
| **DONALD L. MANSKER, JR.** § | | |
| § | | |
| **Plaintiffs,** § | | |
| § | | |
| v. § | **CIVIL ACTION NO. V-03-09** | |
| § | | |
| **TOYOTA MOTOR CORPORATION, and** § | | |
| **TOYOTA MOTOR SALES, U.S.A., INC.,** § | | |
| § | | |
| **Defendants.** § | | |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendants' Emergency Motion to Compel Return of Subject Vehicle (Dkt. #209). The Court, having considered the motion and the applicable law, is of the opinion that Defendants' motion should be DENIED.

**Discussion**

In their motion, Defendants seek to transfer possession of the Toyota Land Cruiser ("subject vehicle") that is the subject of this lawsuit from Plaintiff Ronald Evans to Lakewood Wholesale Auto ("Lakewood"). Defendant contends that Plaintiff's lease on the subject vehicle has expired and that Lakewood is consequently its rightful owner. Defendants have asked the Court to assert Lakewood's alleged property right and transfer possession of the subject vehicle. However, Defendants' have offered the Court no reason to conclude that Defendants have standing to assert Lakewood's property rights. Lakewood is not a party to the present action and Defendants have presented no evidence of their own

property interest in the subject vehicle that has been compromised by Plaintiff's allegedly unlawful retention of the vehicle. It is well settled law that a federal court is without jurisdiction if the only complaining party lacks standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992); *Florida Dept. of Ins. v. Chase Bank of Texas*, 274 F.3d 924, 928-29 (5th Cir. 2001) ("... standing is a component of Article III's case or controversy requirement, and is jurisdictional in nature"). Consequently, the Court has no jurisdiction over any claim Lakewood might have against the subject vehicle.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendants' Emergency Motion to Compel Return of Subject Vehicle (Dkt. #209) is DENIED.

It is so ORDERED.

Signed this 24th day of October, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE